# UNITED STATES DISTRICT COURT
## Western District of Texas
## San Antonio Division

| | | |
|---|---|---|
| Misti Hill, individually and on behalf of all those similarly situated | § § § | |
| Plaintiffs, | § § § | |
| | § | Civil Action No: 5:20-cv-165 |
| v. | § § | |
| Bedrock Funding LLC, | § § § | |
| Defendant | § § | |

## Plaintiff's Original Collective Action Complaint

Misti Hill ("**Plaintiff**"), individually and on behalf of all others similarly situated ("**Class Members**") brings this Fair Labor Standards Act ("**FLSA**") suit for unpaid overtime against the above-named Defendant and shows as follows:

1. **Nature of Suit.**

    1.1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA requires the payment of a minimum wage and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is

employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. **Parties.**

   2.1. Plaintiff is an individual residing in the Oklahoma.  She was previously employed by Defendant in New Braunfels, Texas in the Western District of Texas.  In the three-year period preceding the filing of this action, Plaintiff was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. as a medical coder.  Plaintiff's written consent to become a party plaintiff is being filed with the Court.

   2.2. The Class Members are other hourly-paid persons that were employed by Defendant as collectors in the three-year period preceding the filing of this action and were not paid overtime as required by the FLSA and were forced to work "off-the-clock."

   2.3. Defendant Bedrock Funding LLC ("**Defendant**") is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein (failure to pay overtime) occurred

in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

3.2. Defendant employs individuals in and carries on substantial business in the Western District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

4. **Coverage.**

4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person

(such as, for example, the payment processing systems for collecting debts) in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5. Defendant is a provider of credit and financial services on a multi-state basis. Two or more of Defendant's employees, engage in commerce by using equipment that has traveled in interstate commerce.  By way of example and not by limitation, Defendant's employees used/use:

    4.5.1. computers and telecommunications equipment that has been manufactured and shipped across state lines;

    4.5.2. office equipment, such as copiers, that has been manufactured and shipped across state lines;

    4.5.3. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

    4.5.4. The United States postal system to send mail across state lines; and

    4.5.5. the interstate banking systems to pay Defendant's employees.

4.6. At all times hereinafter mentioned, Plaintiff was and individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

4.7. Plaintiff was employed by Defendant within the applicable statute of limitations.

5. **Factual Allegations.**

5.1.  Defendant provides services to the consumer credit industry.

5.2.  Plaintiff worked for Defendant as a collector.

5.3.  Plaintiff was employed by Defendant fulltime from December 1, 2018 to January 31, 2020.

5.4.  From December 2018 to November 2019 Plaintiff was paid on an hourly basis.

5.5.  Plaintiff and the Class Members are (were) paid on an hourly basis at a straight time rate. Plaintiff was not paid time and one half for any hours worked over 40 in a workweek.

5.6.  Plaintiff was not paid for "off-the-clock" hours. Plaintiff worked hours that Plaintiff's supervisor(s) refused to record in the timekeeping system.

5.7.  Plaintiff and similarly situated employees regularly worked in excess of 40 hours a week. Plaintiff and the Class Members were not paid for hours over 40 in a workweek even though Defendant's management knew Plaintiff and the Class Members were working over 40 hours in most, if not every, work week.

5.8.  The hours worked by Plaintiff and the Class Members were not accurately tracked or counted towards total hours worked and no overtime was paid for these hours ("**Uncounted Hours Policy**"). Because Defendant did not accurately track and pay for all hours worked, including overtime hours, Defendant violated the FLSA by failing to pay Plaintiff and the Class Members overtime compensation for all hours worked in excess of 40 per workweek.

5.9. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiffs and similarly situated employees.

## 6.  Collective Action Allegations.

6.1. Other employees have been victimized by the Uncounted Hours Policy which is in willful violation of the FLSA.  Other hourly employees were paid in the same manner as Plaintiffs, *i.e.,* hours not accurately tracked/counted and forced to work off-the-clock.  The Uncounted Hours Policy of Defendant has been uniformly imposed on the Class Members.

6.2. The Class Members performed job duties typically associated with non-exempt employees.  Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

6.3. Accordingly, the employees victimized by Defendant's Uncounted Hours Policy are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.4. Defendant's failure to pay the minimum wage and/or overtime compensation at the rates required by the FLSA comes from generally applicable policies or practices and does not depend on the personal circumstances of the Class

Members.  Thus, Plaintiff's experience is typical of the experience of the Class Members.

6.5. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment.  All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiffs and the Class Members.

6.6. Accordingly, the class of similarly situated plaintiffs is properly defined as:

**6.6.1.  All hourly paid collectors and administrative staff (regardless of actual job title) who worked for Defendant within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks and/or who were forced to work off-the-clock and thus not paid for all hours worked.**

6.7. Plaintiff brings this action on behalf of similarly situated employees.

6.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representatives of a group of similarly situated individuals as defined herein.

**7.  Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

7.2. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

7.3. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff and the Class Members.

7.4. Defendant did not act in good faith and/or have reasonable grounds for a belief that its actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

## 8. Relief Sought.

8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

8.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and her counsel to represent the Class Members;

8.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

8.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

8.1.4. Minimum wage;

8.1.5. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

8.1.6. Pay for all off-the-clock hours worked;

8.1.7. All unpaid wages and overtime compensation;

8.1.8. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

8.1.9. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

8.1.10. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

8.1.11.  Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By: ___*/s/ Chris R. Miltenberger*___
        Chris R. Miltenberger
        Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**